IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      Case No. 2:11-cr-20008-001

SHARON JEANNETTE HENNINGSEN                                                   DEFENDANT

**O R D E R**

On January 6, 2012, the Court entered an Order, on its own motion pursuant to 18 U.S.C. § 4241(a), that Defendant Henningsen undergo a psychological examination. The Court has been informed that Defendant Henningsen has been designated to Bureau of Prisons, Carswell Federal Medical Center for examination.

Pursuant to 18 U.S.C. § 4247(b), Defendant Henningsen is hereby committed to the custody of the Attorney General or his authorized representative for a period not to exceed thirty days for a psychological examination under 18 U.S.C. § 4241 to determine whether the Defendant is able to understand the nature and consequences of the proceedings against her or to assist in her defense should counsel or stand-by counsel be appointed. The psychological examination should further involve some evaluation of whether Defendant is competent to represent herself at trial, as she has expressed a desire to proceed – and is currently proceeding – *pro se* in this matter. While the Supreme Court has not set forth a specific competency standard as to self-representation, it has found that there are circumstances in which a defendant may be competent to stand trial but not competent to present her defense at trial unless represented by counsel. *Indiana v. Edwards*, 128 S. Ct. 2379 (2008).

Pursuant to 18 U.S.C. § 4247(c), the facility conducting the examination shall file a copy of

the report with this Court, with copies to the *pro se* Defendant and counsel for the Government. Should Defendant desire a hearing on the issue of her competency to stand trial, represent herself, or assist stand-by counsel in her defense, she will have ten days from the filing of the evaluation report within which to demand one. Pursuant to 18 U.S.C. § 4247(d), a defendant *shall* be represented by counsel at a competency hearing. Therefore, if a competency hearing is held in this case, and Defendant does not wish to retain counsel, the Court will appoint counsel to represent Defendant at any such hearing. Such counsel will also be provided with a copy of any psychological report filed with the Court.

The United States District Court Clerk is directed to provide the United States Marshal's Service with a certified copy of this Order. The United States Marshal's Service is directed to transport Defendant Henningsen to the Carswell Federal Medical Center forthwith.[1]

IT IS SO ORDERED this 23rd day of January, 2012.

/s/P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to 18 U.S.C. § 3161(h)(1)(F), the time consumed by transportation in excess of 10 days from the date of entry of the order directing defendant's transport is presumed unreasonable under the Speedy Trial Act. In calculating the 10-day period, the date the transport order is entered is excluded, and if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Crim. P. 45(a)(1).