IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              Case No. 2:11-cr-20008-001 and 002

SHARON JEANNETTE HENNINGSEN; and
TIMOTHY SHAWN DONAVAN                                                                    DEFENDANTS

**O R D E R**

After commencement of the jury trial in this case, Defendants Sharon Jeannette Henningsen and Timothy Shawn Donavan, filed, *pro se*, a document styled "Conditional Acceptance Order to Show Cause." (Doc. 99). Although Defendants had previously appeared *pro se* in this action, by Order dated April 27, 2012, the Court appointed counsel for each defendant due to Defendants' persistence in refusing to obey Court directions and in injecting extraneous and irrelevant material into the record. (Doc. 83). This most recent *pro se* filing by the Defendants appears to be yet another attempt by Defendants to inject extraneous and irrelevant material into the record.

"There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994); *cf. United States v. Blum*, 65 F.3d 1436, 1443 n. 2 (8th Cir. 1995) (noting it is Eighth Circuit policy to refuse to consider *pro se* filings when a party is represented by counsel). Local Rule 5.5(c)(1) for the Western District of Arkansas provides that, for parties represented by counsel, "[e]very pleading, motion, or other paper (except a pro se motion to discharge an attorney) filed in [sic] behalf of a party represented by counsel shall be signed by at least one attorney of record in his or her individual name . . ." The Court has appointed counsel for each of the Defendants in this case. Defendants are no longer proceeding *pro se*, and any filing should therefore be made through counsel in accordance with the

-1-

Local Rules.

Because the "Conditional Acceptance Order to Show Cause" and accompanying affidavit in support are improperly filed and contain requests based on irrelevant and extraneous material, the Court declines to consider the documents and further ORDERS that the documents (Docs. 99 and 99-1) be STRICKEN FROM THE RECORD.

IT IS SO ORDERED this 12th day of June, 2012.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE